By the Court.
— This was an action of debt, on a single bill, under seal, brought in the inferior court by the present defendant, as assignee, against the present plaintiff: and the defendant in that court pleaded two pleas, in which he stated, that the assignments of the writing were made upon usurious agreements (a), entered into between the assignors and assignees. To these pleas demurrers were filed, arid judgment render-éd sustaining the demurrers.
The first and second errors assigned may be examined together, the same considerations being equally applicable to each, and both calculated to bring the propriety of the judgment of the inferior court, upon the case as above stated, before this court.
Belor-j the court will permit a demufrer to operate as a confession of the allegations of the opposite party, so as to affect the interest of the party demurring, it must appear that the matter pleaded was legally pleadable, and has been set forth in due form (b).
The first inquiry, therefore, is, can the obligor in bond or other writing under seal, take advantage of the-usury practised by the assignees upon the assignor in oh-taining the assignment ? The statüte against usury Was *82 certainly provided to prevent the necessitous from being overreached and oppressed by those who might be unfeeling and unjust enough to take advantage of their situation ; the law emphatically made for the benefit and protection of the borrower, and therefore the maxim “ ¡Spiiisquis renunciare potest juri pro seipso introducto,” well applies. Were the court to permit the obligor in this case to plead the statute of usury, it would, in effect, be compelling the assignor, who is not a party in the cause, to take advantage of á transaction which, were he in court, he might refuse to do, and, on the contrary might expressly sanction.
However unfair and usurious the contracts between the assignors and assignees may have been, the obligor could hot haVe been injured by them payment to the holder of the writing under a regular assignment to him, would have been a complete discharge of the obligationf (a); and the party injured by the usurious contract, would have been left to his remedy against the person who had practised the usury. The pleas only contain matters inter alias acta, of which the obligor could not avail himself, and therefore the inferior court decided properly in sustainingithe demurrers.--Judgment affirmed.*

. . g 'p^75t * Brad. 75.

h)ti. Raymt a,*8,1056,1553

v (f';J,C-ranch Ctdmm'tcx'r.

 The latter part of the deciiioti in this caufe is omitted, the point noticed therein having been more fully considered and more explicitly laid down in the cafe of TjuI vs..Moore,
The principle on which the formerpart of the decifion was given, was reconsidered and approved in the cate of Somerville, &c. vs. Inflane, and in the cafe of Bell vs. Nichols's adm'r. this term.